IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2018

## STATE OF TENNESSEE v. PATRICK TYLER HARRIS

**Appeal from the Circuit Court for Sequatchie County**
**No. 2016-CR-2      J. Curtis Smith, Judge**

---

### No. M2017-01670-CCA-R3-CD

---

The Defendant, Patrick Tyler Harris, pled guilty to driving under the influence (DUI) per se. See Tenn. Code Ann. § 55-10-401(2). Pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A), the Defendant reserved a certified question of law challenging whether there existed sufficient reasonable suspicion to justify a traffic stop of the Defendant's vehicle. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Howard L. Upchurch, Pikeville, Tennessee, for the appellant, Patrick Tyler Harris.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; James Michael Taylor, District Attorney General; Steven H. Strain, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

On January 25, 2016, the Defendant was indicted for one count of driving without a license, one count of DUI, and one count of DUI per se. See Tenn. Code Ann. §§ 55-10-401(1)-(2), -50-301. The Defendant subsequently filed a motion to suppress all evidence associated with the stop, his seizure, and his arrest.

At the suppression hearing, Trooper Gordon L. Roberts of the Tennessee Highway Patrol testified that, shortly after midnight on January 24, 2015, he observed the Defendant's vehicle fail to obey a stop sign at an intersection. After following the

vehicle for approximately one-eighth of a mile, Trooper Roberts activated his emergency lights and had the vehicle pull over onto the shoulder. When the Defendant was asked about running the stop sign, he responded that he "was going to his daddy's house."

At the suppression hearing, the Defendant testified that he did not run the stop sign. He stated that the stop sign was "way off the road" and explained that he did not initially realize to which stop sign Trooper Roberts was referring when he was asked about it during the traffic stop. The Defendant conceded he was drinking on the night of the incident but claimed that he was not impaired.

Trooper Roberts's dash camera video of the Defendant's traffic stop was played for the trial court, however, that video was not included in the appellate record. Based on the camera footage, the trial court found that the Defendant had difficulty following instructions and performing the field sobriety tests. The trial court also considered the Defendant's "ability to . . . remember and process information" from the night of the incident and found the Defendant's mental faculties to be impaired. The trial court denied the suppression motion, accrediting Trooper Roberts's testimony and concluding that he had reasonable suspicion to conduct a stop.

On August 3, 2017, the Defendant pled guilty to DUI per se, and the remaining charges were dismissed. The trial court sentenced the Defendant to eleven months and twenty-nine days probation after service of forty-eight hours in confinement and ordered him to perform one hundred hours of community service, to surrender his driver's license for one year, and to attend alcohol safety school. The Defendant, pursuant to Rule 37(b)(2)(A), reserved the following certified question:

> Whether THP Officer Gordon L. Roberts had reasonable suspicion to stop the 2013 Toyota Tacoma motor vehicle operated by the Defendant, Patrick Tyler Harris, on January 24, 2015 on U.S. Highway 127 adjacent to Old Highway 8 in Sequatchie County, Tennessee after this Defendant allegedly failed to obey a stop sign at the intersection of Old Highway 8 and U.S. Highway 127 and entered U.S. Highway 127. The Defendant contends the stop sign and stop line were several yards away from the intersection and the Defendant in fact brought his vehicle to a stop and then proceeded onto U.S. Highway 127.

The State and the trial court consented to the reservation of the certified question, and all parties agreed that it was dispositive in the case.

-2-

## ANALYSIS

On appeal, the Defendant argues that the trial court erred when it denied his motion to suppress because Trooper Roberts did not have reasonable suspicion to stop the Defendant. The State responds that the Defendant is not entitled to relief because the trial court properly determined that Trooper Roberts had reasonable suspicion, supported by articulable facts, to believe that the Defendant committed a traffic offense.

Our supreme court has stated as follows:

> The Fourth Amendment to the United States Constitution proscribes "unreasonable searches and seizures" and provides that "no Warrant shall issue, but upon probable cause . . . particularly describing . . . the persons . . . to be seized." Likewise, [a]rticle I, [s]ection 7 of the Tennessee Constitution states that "the people shall be secure in their persons . . . from unreasonable searches and seizures." Because traffic stops constitute seizures entitling a vehicle's occupants to the full protections of the United States and Tennessee Constitutions, the authorities must act reasonably when initiating a traffic stop.
>
> The United States Supreme Court has interpreted this requirement to mean that the authorities must have probable cause or an "articulable and reasonable suspicion" to believe that a traffic violation has occurred when they initiate a traffic stop.

State v. Brotherton, 323 S.W.3d 866, 870 (Tenn. 2010) (internal citations omitted).

A reasonable basis for a stop is something more than an "inchoate and unparticularized suspicion or 'hunch.'" Terry v. Ohio, 392 U.S. 1, 27 (1968). Whether suspicion is reasonable is from "the perspective of the reasonable officer, not the reasonable person." State v. Smith, 484 S.W.3d 393, 402 (Tenn. 2016) (quoting United States v. Quintana-Garcia, 343 F.3d 1266, 1270 (10th Cir. 2003)) (emphasis in original). The court may consider other relevant circumstances from an objective perspective, even if not articulated by the testifying officer. Id. (internal citations omitted). The officer's subjective state of mind is irrelevant. Id.

A trial court's findings of fact in a suppression hearing are binding on this court unless the evidence in the record preponderates against them. State v. Echols, 382 S.W.3d 266, 277 (Tenn. 2012) (citing State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996)). Questions such as credibility of the witnesses, the weight of evidence, and resolution of evidentiary conflicts are matters entrusted to the trier of fact. Id. The prevailing party is entitled to the strongest legitimate view of the evidence presented at the suppression

hearing and all reasonable and legitimate inferences that may be drawn from that evidence. Id.

Trooper Roberts stated that he stopped the Defendant based upon the Defendant's failure to obey a stop sign. Tennessee Code Annotated section 55-8-149(c) provides "[e]very driver of a vehicle . . . approaching a stop sign shall stop . . . at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver or operator has a view of approaching traffic on the intersecting roadway before entering the intersection[.]" A violation of this statute is as a Class C misdemeanor. Tenn. Code Ann. § 55-8-149(d). In determining the constitutionality of a traffic stop based on Tennessee Code Annotated section 55-8-149(c), we are guided by our supreme court's analysis of the statute in Smith. In Smith, our supreme court held that when a police officer observes a motorist commit an offense, such as running a stop sign, "the officer will have probable cause to stop the motorist" and the stop "will pass constitutional muster." 484 S.W.3d at 401. Furthermore, "no further investigation is necessary and the police officer is justified in issuing a citation." Id.

The trial court found Trooper Roberts to be a credible witness and the Defendant's perception of the incident to be impaired. Based upon the record before us, the evidence does not preponderate against these findings. Therefore, Trooper Roberts was justified in stopping the Defendant's vehicle based on a reasonable suspicion that a violation of Tennessee Code Annotated section 55-8-149(d) occurred. As such, we conclude that the trial court did not err when it denied the Defendant's motion to suppress evidence obtained as a result of the traffic stop.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE